IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | Criminal Action No. 11-00176-KD-N |
| DUSTIN O. RAYBON, | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the "Statement of Appeal of Detention Order with Incorporated Brief and Argument" filed by defendant Dustin O. Raybon (doc. 15). On June 30, 2011, Magistrate Judge Katherine P. Nelson granted the United States' motion to detain on basis that Raybon had not rebutted the presumption that no condition would reasonably assure his appearance and the safety of the community. The Magistrate Judge also determined that there is a serious risk that he will endanger the safety of another person or the community.

On appeal, Raybon concedes that the charged offenses are considered crimes of violence and involve minor victims, but contends that he has rebutted the presumption as to flight risk by a preponderance of the evidence and as to dangerousness by clear and convincing evidence. Raybon argues that there are conditions which will reasonably assure his appearance and the safety of the community and that pretrial services recommended release on certain conditions. He argues that the Magistrate Judge considered only the nature of the offense in determining that he should be detained.

The Bail Reform Act, 18 U.S.C. § 3141, governs the release and detention of a defendant prior to trial. Title 18 U.S.C. § 3142(f)(1) entitles the United States to move for detention if the defendant has been charged with one of the offenses enumerated in the Act which Congress has

1

determined warrant detention. Where a charged offense is described in 18 U.S.C. § 3142(f)(1)(A),[1] as in this case, there is a rebuttable presumption that no combination of conditions will reasonably assure the appearance of the person or the safety of any other person or the community. *See* 18 U.S.C. § 3142(e). Thus, when considering pre-trial detention, the Court must decide whether defendant has rebutted the presumption and whether there are conditions of release that will reasonably assure the appearance of the defendant and protect the safety of any other person or the community. *See* 18 U.S.C. § 3142(e). Factors relevant to this inquiry are: (1) the nature and circumstances of the offenses including whether the offenses were a crime of violence or involve a minor victim, (2) the weight of the evidence, (2) the history and characteristics of the defendant and (4) the nature and seriousness of the danger posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court conducted a *de novo* review of the evidence presented. The evidence relied upon by Raybon to rebut the presumption is that he has no prior criminal convictions and possibly could make arrangements to live with his aunt while on conditions of release. However, this evidence is insufficient to rebut the presumption of dangerousness. Thus, the undersigned concurs in the Magistrate Judge's finding that the presumption has not been rebutted. The decision to grant the United States' motion to detain is **affirmed**.

**DONE** this 13th day of July, 2011.

    s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[1] Raybon is alleged to have committed sexual abuse against three minor relatives.