IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 11-0176-KD-C |
| DUSTIN O. RAYBON | : | |

### ORDER

This matter is before the court on the unopposed motion to continue trial filed by the defendant (Doc. 20).

Upon consideration of the grounds presented and the Court's record, the undersigned finds that neither the United States nor the defendant will be unduly prejudiced by a continuance into the November 2011 criminal term; therefore, the motion to continue filed by Raybon is **GRANTED** and the trial is **CONTINUED** to the November 2011 criminal trial term.

The Court further finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The reasoning for this decision is as follows. The defendant was indicted for various sex crimes on June 22, 2011 (*see* Doc. 1) and was arraigned on those charges June 28, 2011 (Doc. 9). Once defense counsel determined there would be no settlement of this case, he set about trying to find experts who would assist him in the trial of this cause, both as it relates to jury selection and cross-

examination of witnesses, and has determined that the earliest criminal term in which both expert witnesses he desires to utilize will be available falls in November of 2011. (*See* Doc. 20.) Because defense counsel has satisfied the undersigned that these witnesses are vital to preparation and presentation of Raybon's defense (*see id.*), he has proffered valid reasons for the extension of the pretrial preparation period in order that he may properly and sufficiently prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(iv); *cf. United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir.) (indicating that "ends of justice" required granting of continuance requested by the government where essential witness to government's case was unavailable due to serious illness), *cert. denied sub nom. Leveritt v. United States*, 522 U.S. 902, 118 S.Ct. 253, 139 L.Ed.2d 181 (1997); *United States v. Barragan*, 793 F.2d 1255, 1258 (11th Cir. 1986) (government was granted a continuance due to the unavailability of Coast Guard witnesses; the circuit court found this period of delay excludable under the Speedy Trial Act).[1] Therefore, for the purposes of the Speedy Trial Act, any delay resulting from this continuance is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) (excluding "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.").

The defendant shall file a waiver of his Speedy Trial rights not later than **August**

---

[1] Moreover, continuing the trial of this cause will allow the Government to "file a motion for authorization to provide assistance to a seven-year-old witness [who] has a speech impediment." (Doc. 19, at ¶ 1.)

**26, 2011**. The Clerk of Court is directed to refer this matter to the appropriate Magistrate Judge for scheduling a new pretrial conference.

**DONE** and **ORDERED** this the 18th day of August, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**